UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLIE HERBST, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:09 CV 143 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Charlie Herbst, a *pro se* prisoner, filed this habeas corpus petition challenging a prison disciplinary determination. (DE # 1.) In MCF 08-10-0150, a Disciplinary Hearing Body ("DHB") at Miami Correctional Facility found Herbst guilty of giving or receiving anything of value without proper authorization, and sanctioned him with a written reprimand and 60 days lost earned credit time. (DE # 10-1.) Herbst appealed, and the Indiana Department of Corrections ("DOC") final reviewing authority reduced the earned credit time sanction to 15 days and then suspended the sanction. (DE # 10-2.) Herbst thereafter filed this petition.

The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend XIV. To trigger federal due process protections, there must be a protected liberty or property interest at stake. *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). In the prison disciplinary context, an inmate has a liberty interest and is entitled to due process protections when the state's action "will inevitably affect the duration of his sentence."

*Sandin v. Connor*, 515 U.S. 472, 487 (1995). An Indiana inmate is entitled to due process protections when a DHB revokes earned time credits or demotes him to a lower credit-earning class. *Piggie v. McBride*, 277 F.3d 922, 923 (7th Cir. 2002).

Here, respondent argues that Herbst did not have a liberty interest at stake in the disciplinary hearing because the sanction imposed by the DHB, as amended by the final reviewing authority, did not lengthen the duration of Herbst's confinement. (DE # 10 at 2-3.) Respondent points out that the earned credit time sanction was suspended and became unenforceable under the Department of Corrections' ("DOC") Adult Disciplinary Procedures as of April 21, 2009. (*Id.*; *see also* DE ## 10-1 to 10-4.) In respondent's view, because the suspended sanction has now expired, it could not possibly lengthen the duration of Herbst's confinement. (DE # 10 at 2-3.)

Herbst disputes this argument and responds that the adverse disciplinary determination lengthened the duration of his confinement in two ways even though the sanction was suspended.[1] (DE ## 12, 17.) First, he argues that the DHB's determination precluded him from obtaining an educational credit which he otherwise would have received for earning an associate's degree while in prison. (DE # 12 at 2.) He points to the DOC's Manual of Policies and Procedures, which provides that an offender may

---

[1] Herbst may also be arguing that the suspended sanction was in fact imposed when he states that "30 days were taken from Herbst" in another disciplinary case "as the suspended 15 days had not had six (6) months to expire."(*See* DE # 12 at 1.) To the extent this is what he is arguing, the argument has no merit. Respondent has produced Herbst's full disciplinary record for the relevant time period, which shows that the suspended sanction in this case was never imposed. (*See* DE ## 16-1 to 16-6.)

2

earn an educational credit for completing course work if certain criteria are met, including that the offender is free of either a Class A conduct report or two or more Class B conduct reports for a period of one year. (DE # 12-2 at 7.)

Second, Herbst argues that the disciplinary determination precluded him from obtaining a restoration of earned time credits that he lost in other disciplinary cases. (DE # 12 at 2.) He attaches a provision of the DOC Manual of Polices and Procedures, which provides that offenders may apply for a restoration of lost earned time credits, and that a portion of the credits will be restored if the offender meets certain criteria, including that he has no findings of guilt in disciplinary proceedings for Class A, B, or C offenses for a period of one year. (DE # 12-2 at 4.)

Herbst's arguments are not without merit.[2] In this instance, however, they are unavailing. The documents before the court reflect that between October 2008 and September 2009, Herbst incurred no less than five disciplinary sanctions in addition to this one: two Class B offenses; two Class C offenses (to which he pled guilty); and one Class D offense. (DE # 16-1 to 16-6.) Because of these other disciplinary offenses, Herbst has not shown that he would have obtained an educational credit or a restoration of earned time credits in any event. (*See* DE # 12-2 at 7; DE # 12-2 at 4.) "[I]f the State's

---

[2] Respondent appears to misconstrue Herbst's arguments when asserting that he is raising what are essentially classification issues that should be litigated in state court. (DE 16 # at 3-4.) As this Court reads his filings, Herbst is not challenging the lost educational credits or the denial of his request for restoration of credits *per se*, but is instead attempting to show how the disciplinary determination at issue lengthened his sentence. (*See* DE # 12, 17.)

action will inevitably affect the duration of the sentence, there is due process protection, but there is no such protection for action that merely *might* affect the duration of the sentence." *Higgason v. Farley*, 83 F.3d 807, 809-10 (7th Cir. 1995) (emphasis in original). Accordingly, Herbst was not entitled to due process protections at his hearing.

Assuming Herbst could establish that he was entitled to due process protections at the hearing, his claims fail on the merits. Herbst was found guilty of giving or receiving anything of value in violation of B233 after he received money from another inmate's family member.[3] (DE # 10-2.) At his disciplinary hearing, Herbst admitted doing "a little legal work" for the inmate and admitted that the inmate's family member sent him money. (*Id.*) He offered to plead guilty if the offense was lowered to a "C" class violation. (*Id.*) Based on the evidence and Herbst's own statements, the DHB found him guilty. (*Id.*)

In his petition, Herbst again acknowledges that he received the money at issue, but he nevertheless argues that he cannot be faulted for his actions because prison staff deposited the money to his account, which in his view "authorized" him to spend it. (DE # 1 at 4.) He couches this claim in terms of a "lack of evidence," but his own statements at the hearing constitute some evidence to support the DHB's determination that he was guilty of the offense charged, which is all that is required by due process. *Superintendent, Mass.Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Moreover, Herbst was

---

[3] Herbst was found guilty of the same offense in MCF 09-02-0227. He filed a separate petition challenging that disciplinary determination. *See Herbst v. Superintendent,* No. 3:09-CV-231 (N.D. Ind. filed May 21, 2009).

charged with "receiving" something of value without prior authorization. The offense was complete when he received the money, and whether he subsequently spent it is irrelevant.

Herbst's other claim, similar to the first, is that prison staff "entrapped" him by depositing the money to his account, which in his view meant that he was authorized to spend it. (DE # 1 at 4.) As stated above, whether Herbst spent the money after he received it is irrelevant to the charge. Furthermore, freedom from "entrapment" is not a recognized due process protection in the prison disciplinary context. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). The due process protections to which Herbst was entitled—assuming he was entitled to any at all—were the protections afforded by *Wolff*, and he has not established that any of his *Wolff* rights were violated.

For the foregoing reasons, the habeas corpus petition (DE # 1) is **DENIED.**

**SO ORDERED.**

Date: March 1, 2010.

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT